UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. _____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. FUNDS IN THE AMOUNT OF $35,000 DEPOSITED IN WESTERN RESERVE LIFE ASSURANCE COMPANY ACCOUNT NO. 013855766, AND ALL APPRECIATION IN VALUE TRACEABLE THERETO;

2. FUNDS IN THE AMOUNT OF $44,000 DEPOSITED IN WESTERN RESERVE LIFE ASSURANCE COMPANY ACCOUNT NO. 013869342, AND ALL APPRECIATION IN VALUE TRACEABLE THERETO; and

3. FUNDS IN THE AMOUNT OF $64,000 DEPOSITED IN WESTERN RESERVE LIFE ASSURANCE COMPANY ACCOUNT NO. 013934410, AND ALL APPRECIATION IN VALUE TRACEABLE THERETO,

        Defendants.

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The plaintiff, United States of America, through its attorneys John R. Marti, Acting United States Attorney for the District of Minnesota, and James S. Alexander, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property, which is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2), for violations of 31 U.S.C. §§ 5324 and 5325, and 31 C.F.R. § 1010.415:

   a. Funds In the amount of $35,000 deposited in Western Reserve Life Assurance Company Account No. 013855766, and all appreciation in value traceable thereto;

   b. Funds In the amount of $44,000 deposited in Western Reserve Life Assurance Company Account No. 013869342, and all appreciation in value traceable thereto; and

   c. Funds In the amount of $64,000 deposited in Western Reserve Life Assurance Company Account No. 013934410, and all appreciation in value traceable thereto;

(hereafter, "the defendant funds" or "the defendants *in rem*").

## THE DEFENDANTS *IN REM*

2. The defendants *in rem* consist of the funds described in paragraph 1 above held at the Western Reserve Life Assurance Company of Ohio in the accounts described above. The defendants *in* rem have been seized with seizure warrants issued in the District of Minnesota, and are being maintained in the accounts pending the completion of

forfeiture proceedings to avoid the charges and fees that would result from the withdrawal of the funds from the accounts.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant funds. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant funds under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(ii), which the Plaintiff will execute upon the defendant funds pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred at least in part in this District.

## FACTS

6. Under the provisions of 31 U.S.C. § 5324(a), no person shall, for the purpose of evading the reporting requirements of section 5313(a) or 5325 or any regulation prescribed under any such section, cause or attempt to cause a financial institution to fail to file a report required under sections 5313(a) or 5325 or any regulation prescribed under any such section.

7. Under 31 U.S.C. § 5325, no financial institution may issue or sell a bank check, cashier's check, traveler's check, or money order to any individual in connection with a transaction or group of such contemporaneous transactions which involves United States coins or currency in amounts or denominations of $3,000 or more, unless the person furnishes the financial institution with such identification as prescribed by 31 C.F.R. § 1010.415, and the financial institution records such information as prescribed by regulation.

8. Information required to be recorded by any financial institution under 31 U.S.C. § 5325 shall be reported to the Secretary of the Treasury upon request.

9. MoneyGram and Western Union are financial institutions within the meaning of 31 U.S.C. § 5312(a)(2)(K).

10. A review of financial institution records shows that beginning in November 2010 and continuing into November 2012, Sheng Chen conducted currency transactions totaling $143,000.00 involving two separate Money Gram Agent locations in West Saint Paul, Minnesota. Specifically, the purchase of money orders from Money Gram Agents located within Cub Foods and WalMart (both in West Saint Paul) in amounts just under the $3,000.00 identification threshold. There were 175 cash transactions at Money Gram, involving the cash purchase of money orders for either $500.00 or $1,000.00. There were also four cash transactions at Western Union Agents in West Saint Paul, involving the cash purchase of four $1000 money orders.

11. The 179 money orders in the total amount of $143,000 were then deposited into accounts 013855766, 013869342, and 013934410 at Western Reserve Life Assurance Company for the purchase of life insurance policies.

12. A schedule of money orders purchased in cash transactions conducted during the period from November 2010 through November 2012 is attached and incorporated by reference as Exhibit A.

13. Between approximately November 17, 2010 and November 26, 2012, funds in the amount of $35,000 derived from the money orders described in paragraph 12 above, and enumerated in Exhibit A, were deposited in Western Reserve Life Assurance Company Account No. 13855766.

14. Between approximately November 17, 2010 and November 26, 2012, funds in the amount of $44,000 derived from the money orders described in paragraph 12 above, and enumerated in Exhibit A, were deposited in Western Reserve Life Assurance Company Account No. 13869342.

15. Between approximately November 17, 2010 and November 26, 2012, funds in the amount of $64,000 derived from the money orders described in paragraph 12 above, and enumerated in Exhibit A, were deposited in Western Reserve Life Assurance Company Account No. 13934410.

## BASIS FOR FORFEITURE

16. The allegations contained in paragraphs 1 through 15 of the Complaint are realleged and incorporated by reference.

17. The defendants *in rem* are subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) because the funds constitute, or are traceable to, property involved in violations of 31 U.S.C. § 5324.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest and seizure of the defendant funds, that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendant funds, that the defendant funds be forfeited and condemned to the United States of America, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated: September 13, 2013

JOHN R. MARTI
Acting United States Attorney

s/ James S. Alexander
BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney ID No. 166145
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415
(612) 664-5600
Jim.alexander@usdoj.gov

## VERIFICATION

I, Jacqueline Tschida, being duly sworn, depose and state as follows:

I am employed as a Special Agent of the Internal Revenue Service, United States Department of the Treasury, Criminal Investigation, in Saint Paul, Minnesota. I have been employed in this capacity since 1995. As a Special Agent my duties and responsibilities have included conducting criminal investigations on individuals and businesses for possible violations of Federal laws, particularly those laws found in Title 18, Title 26 and Title 31 of the United States Code. I have conducted numerous criminal investigations of individuals involved in illegal activities for possible violations of the Internal Revenue Code and related laws.

I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true based on my own personal knowledge, information provided to me by other law enforcement agencies and officers, and information obtained from records received during the course of the investigation.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: September 12, 2013          s/ Jacqueline Tschida
                                   Jacqueline Tschida
                                   Special Agent
                                   Internal Revenue Service